IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **ASHLEY GOODWIN,**<br>**Individually and on behalf**<br>**of all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**HUHTAMAKI, INC.**<br><br>*Defendant.* | § § § § § § § § § § § § § § § § Civil Action No. __5:18-cv-16-TBR__<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUAN TO**<br>**FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Ashley Goodwin brings this action individually and on behalf of all hourly employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Huhtamaki, Inc. (hereinafter "Defendant" or "Huhtamaki"), at any time from January 22, 2013 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and under Kentucky Revised Statute ("Kentucky Statutes") Chapter 337.

**I.**
**OVERVIEW**

1.1   This lawsuit to recover wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19 and a class action pursuant to Federal Rule of Civil Procedure 23.

1.2   Plaintiff and the Putative Class Members are those persons who are current and former hourly employees who worked for Huhtamaki from January 22, 2013 and through the final

disposition of this matter and were paid hourly but were not compensated for all hours worked each workweek.

1.3 The FLSA requires that all non-exempt employees receive compensation for all time spent working on their employer's behalf.

1.4 Huhtamaki violated (and continues to violate) the FLSA by automatically deducting 30-minute meal periods from Plaintiff and the Putative Class Members' daily hours worked, despite knowing that Plaintiff and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day.

1.5 Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half of their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.6 Huhtamaki's improper meal-period deductions have caused them to miscalculate Plaintiff and the Putative Class Members' regular rate of pay, thereby depriving them of the appropriate overtime compensation under the FLSA and Kentucky state law.

1.7 The decision by Huhtamaki to not pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.8  Huhtamaki has knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked and has further failed to compensate Plaintiff and the Putative Class Members for the overtime compensation they are owed at a rate of time and one half of their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.9 Plaintiff and the Putative Class Members therefore seek to recover their unpaid wages, including their unpaid overtime compensation and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. 216(b), and to recover all unpaid wages, including their

unpaid overtime and other damages owed under the Kentucky Statutes pursuant to Federal Rule of Civil Procedure 23.

1.10    Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

1.11    Plaintiff also prays that the Rule 23 class is certified as defined herein, and the Plaintiff be designated as the Class Representative.

## II.
## JURISDICTION & VENUE

2.1    This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this suit is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207, *et. seq.* This Court has supplemental jurisdiction over Plaintiff's additional state law claims pursuant to 28 U.S.C. § 1367.

2.2    This Court has personal jurisdiction over Huhtamaki because the causes of action have arisen within this District as a result of Huhtamaki's conduct within this District and Division.

2.3    Venue is proper in the Western District of Kentucky because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

2.4    Specifically, Plaintiff Goodwin worked at the Huhtamaki facility that is located in Hopkinsville, Christian County, Kentucky, which is located in this District.

2.5    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.
## PARTIES

3.1     Plaintiff Ashley Goodwin worked for Huhtamaki within the meaning of the FLSA and the Kentucky Statutes during the relevant time periods. Plaintiff Goodwin did not receive overtime compensation for all hour worked in excess of forty (40) hours per workweek.[1]

3.2     The Putative Class Members are all hourly employees who have worked for Huhtamaki at any time since January 22, 2013 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Goodwin worked and was paid.

3.3     Huhtamaki, Inc. is a foreign for-profit corporation and may be served through its registered agent for services of process: **Corporation Service Company, 421 West Main Street, Frankford, Kentucky 40601.**

## IV.
## FACTS

4.1     Huhtamaki, Inc. produces packaging for consumer products and foodservice. Huhtamaki makes plastic and paper cups, bowls, cutlery, and takeout packaging.[2] Huhtamaki's net sales in 2016 were approximately EUR 2.9 Billion.[3]

4.2     In conjunction with the above services, Huhtamaki has employed thousands of non-exempt hourly workers—like Plaintiff and the Putative Class Members—who have been tasked with taking finished products off the assembly line and loading them into crates for shipment.

4.3     Plaintiff Goodwin worked for Huhtamaki from approximately April 2017 until August 2017.

4.4     Plaintiff Goodwin and the Putative Class Members are non-exempt employees paid by the hour.

---

[1] The written consent of Ashley Goodwin is attached hereto as Exhibit "A."

[2] http://www.huhtamaki.com/about-us

[3] *Id.*

4.5     Plaintiff Goodwin and the Putative Class Members have worked more than forty (40) hours per week in at least one workweek during the relevant time periods.

4.6     Huhtamaki has a corporate policy that its hourly workers—like Plaintiff and the Putative Class Members—automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked.

4.7     Huhtamaki has been aware at all times that Plaintiff and the Putative Class Members have regularly worked through their 30-minute meal periods without pay in violation of the FLSA.

4.8     When calculating Plaintiff and the Putative Class Members' hours each pay period, Huhtamaki has deducted 30 minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

4.9     In other words, for each 5-day workweek, Huhtamaki has deducted a minimum of 2.5 hours from Plaintiff and Putative Class Members' total hours worked each week.

4.10    Huhtamaki's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' time worked has resulted in Plaintiff and the Putative Class Members' working overtime hours for which they have been not compensated in violation of the FLSA.

4.11    Huhtamaki has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff Goodwin.

4.12    Huhtamaki has denied Plaintiff and the Putative Class Members the proper amount of pay as a result of a widely applicable, illegal pay practice.

4.13    Accordingly, Huhtamaki's corporate pay policies and practices have (and continue to) blatantly violated the FLSA and Kentucky Statutes.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations

A. **FLSA COVERAGE**

5.1 All previous paragraphs are incorporated as though fully set forth herein.

5.2 The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO HAVE WORKED FOR HUHTAMAKI, INC. AT ANY TIME FROM JANUARY 22, 2015 THROUGH THE FINAL DISPOSITION OF THIS CASE WHO HAVE HAD A THIRTY-MINUTE LUNCH BREAK AUTOMATICALLY DEDUCTED FROM THEIR DAILY HOURS ("FLSA Collective" or "FLSA Collective Members").**

5.3 At all times hereinafter mentioned, Huhtamaki has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

5.4 At all times hereinafter mentioned, Huhtamaki has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.5 At all times hereinafter mentioned, Huhtamaki has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

5.6 During the respective periods of Plaintiff and the FLSA Collective Members' employment by Huhtamaki, these individuals provided services for Huhtamaki that involved interstate commerce for purposes of the FLSA.

5.7 In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

5.8     Specifically, Plaintiff and the FLSA Collective at all times relevant to this action have been **<u>non-exempt</u>** employees who have worked for Huhtamaki and have been engaged in production-line service, where they have loaded products from assembly line into crates for sale and shipment in interstate commerce. 29 U.S.C. § 203(j).

5.9     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who have been engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

5.10    The proposed collective of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 5.2.

5.11    The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Huhtamaki.

### B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

5.12    All previous paragraphs are incorporated as though fully set forth herein.

5.13    Huhtamaki has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked, and for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they have been employed.

5.14    Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Huhtamaki's acts or omissions as described herein; though Huhtamaki is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

5.15     Moreover, Huhtamaki has knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees' compensation for all hours worked and overtime compensation for all overtime hours worked. 29 U.S.C. § 255(a).

5.16     Huhtamaki knew or should have known its pay practices have been in violation of the FLSA.

5.17     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Huhtamaki to pay their wages and overtime in accordance with the law.

5.18     Huhtamaki's decisions and practices to neither pay for all hours worked or for the proper amount of overtime for all hours worked has not been reasonable or conducted in good faith.

5.19     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid their hourly rate for all straight time hours up to forty (40) hours, and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

5.20     All previous paragraphs are incorporated as though fully set forth herein.

5.21     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Huhtamaki's employees who are (or were) similarly situated to Plaintiff Goodwin with regard to the work they have performed and the manner in which they were not paid.

5.22     Other similarly situated employees have been victimized by Huhtamaki's patterns, practices, and policies, which are in willful violation of the FLSA.

5.23     The FLSA Collective Members are defined in Paragraph 5.2.

5.24    Huhtamaki's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Huhtamaki, and does not depend on the personal circumstances of Plaintiff or the Putative Class Members.

5.25    Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

5.26    The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

5.27    All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

5.28    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to be paid for all hours worked overtime after forty (40) hours in a week

5.29    Huhtamaki employed a substantial number of similarly situated employees since January 22, 2015.

5.30    Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Huhtamaki will retain the proceeds of its rampant violations.

5.31    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

5.32    Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined in Paragraph 5.2 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Kentucky Statutes)

A.  **KENTUCKY STATUTES COVERAGE**

5.33    All previous paragraphs are incorporated as though fully set forth herein.

5.34    The Kentucky Class is defined as:

**ALL HOURLY EMPLOYEES WHO HAVE WORKED FOR HUHTAMAKI, INC. IN KENTUCKY AT ANY TIME FROM JANUARY 22, 2013 THROUGH THE FINAL DISPOSITION OF THIS CASE WHO HAVE HAD A THIRTY-MINUTE LUNCH BREAK AUTOMATICALLY DEDUCTED FROM THEIR DAILY HOURS ("Kentucky Class" or "Kentucky Class Members").**

5.35    At all times hereinafter mentioned, Huhtamaki has been an employer within the meaning of the Kentucky Statutes, KRS § 337.010(1)(d).

5.36    At all times hereinafter mentioned, Plaintiff and the Kentucky Class Members were or have been employed by Huhtamaki within the meaning of the Kentucky Statutes, including KRS §§ 337.010(1)(e) and (2)(a).

5.37    Plaintiff and the Kentucky Class members were or have been employed by Huhtamaki since January 22, 2013 and have been covered employees entitled to the protections of the Kentucky Statutes and were not exempt from the protections of the Kentucky Statutes.

5.38    The employer, Huhtamaki, is not exempt from paying wages and overtime benefits under the Kentucky Statutes.

B.  **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KENTUCKY STATUTES**

5.39    All previous paragraphs are incorporated as though fully set forth herein.

5.40    The Kentucky Statutes require that employees, including Plaintiff and the Kentucky Class Members, receive payment for all hours worked and "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* KRS § 337.285(1), 385.

5.42 Plaintiff and the Kentucky Class Members were or have been employed by Huhtamaki since January 22, 2013, and have at all times been covered employees entitled to the protections of the Kentucky Statutes.

5.43 Plaintiff and the Kentucky Class Members have worked hours for which they were not paid, in violation of the Kentucky Statutes.

5.44 Plaintiff and the Kentucky Class Members have worked more than forty (40) hours in workweeks during times relevant to this case, however, Huhtamaki has violated the Kentucky Statutes by failing to pay Plaintiff and other Kentucky Class Members any overtime premium for hours worked over 40 per week.

5.45 Plaintiff and the Kentucky Class Members have suffered damages and continue to suffer damages as a result of Huhtamaki's acts or omissions as described herein; though Huhtamaki is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages

5.46 In violating the Kentucky Statutes, Huhtamaki has acted willfully, without a good faith basis, and with reckless disregard of applicable Kentucky law.

5.47 The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Kentucky Statues, is defined in Paragraph 5.34.

5.48 The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Huhtamaki.

C.  **KENTUCKY CLASS ALLEGATIONS**

5.49 All previous paragraphs are incorporated as though fully set forth herein.

5.50 Plaintiff brings her Kentucky claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Huhtamaki who have worked in Kentucky since January 22, 2013.

5.51   Class action treatment of Plaintiff's Kentucky claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

5.52   The number of Kentucky Class Members is so numerous that joinder of all class members is impracticable.

5.53   Plaintiff is a member of the Kentucky Class, her claims are typical of the claims of other Kentucky Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

5.54   Plaintiff and her counsel will fairly and adequately represent the Kentucky Class Members and their interests.

5.55   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

5.56   Accordingly, the Kentucky Class should be certified as defined in Paragraph 5.34.

## VI.
## RELIEF SOUGHT

6.1   Plaintiff respectfully prays for judgment against Huhtamaki as follows:

   a.   For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Huhtamaki to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b.   For an order certifying the Kentucky Class as defined in Paragraph 5.34 and designating Plaintiff as Representative of the Kentucky Class.

   c.   For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

      d.      For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

      e.      For an Order pursuant to Section 16(b) of the FLSA finding Huhtamaki liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

      f.      For an Order pursuant to the Kentucky Statutes awarding Plaintiff and the Kentucky Class Members their unpaid back wages and other damages allowed by law;

      g.      For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

      h.      For an Order awarding Plaintiff (and those who have joined in the suit) the costs and expenses of this action;

      i.      For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      j.      For an Order awarding Plaintiff a service award as permitted by law;

      k.      For an Order compelling the accounting of the books and records of Huhtamaki; and

      l.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 22, 2018					Respectfully submitted,

					By:	/s/ Trent Taylor
						Trent R. Taylor
						Robert E. DeRose (application *pro hac vice* forthcoming)
						**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
						250 E. Broad St., 10th Floor
						Columbus, Ohio 43215
						Telephone: (614) 221-4221
						Fax: (614) 744-2300
						Email: ttaylor@barkanmeizlish.com
						bderose@barkanmeizlish.com

						***Local Counsel***

						**ANDERSON2X, PLLC**

					By:	/s/ Clif Alexander
						**Clif Alexander** (application *pro hac vice* forthcoming)
						Federal I.D. No. 1138436
						Texas Bar No. 24064805
						clif@a2xlaw.com
						**Austin W. Anderson** (application *pro hac vice* forthcoming)
						Federal I.D. No. 777114
						Texas Bar No. 24045189
						austin@a2xlaw.com
						819 N. Upper Broadway
						Corpus Christi, Texas 78401
						Telephone: (361) 452-1279
						Facsimile: (361) 452-1284

						***Attorneys in Charge for Plaintiff and Putative Class Members***